[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 02 2000
THOMAS K. KAHN
CLERK

_____

No. 98-8405

_____

D. C. Docket No. 97-03012-1-CV-TWT

OHUNENE O. LAWAL GLINTON, et al,

Plaintiffs-Appellants,

versus

AND R, INC., a Georgia Corporation, et al,

Defendants-Appellees.

_____

No. 98-8406

_____

D. C. Docket No. 1:97-3013-CV-TWT

MICHAEL DARBY, and those persons similarly situated
with Mr. Darby,

Plaintiff-Appellant,

versus

COBB CENTER PAWN AND JEWELRY BROKERS, INC.,
a Georgia corporation, N.Y. DIAMOND CORPORATION, etc. et al,

_____

No. 98-8872

_____

D. C. Docket No. 1:97-CV-3015-TWT

SUSAN WALKER, and all persons similarly situated with Walker,

Plaintiff-Appellant,

versus

MIKE HORTON; CASH EXPRESS, INC., et al,

Defendants-Appellees

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(May 2, 2000)**

Before HULL and MARCUS, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiffs who had borrowed money from Georgia pawnbrokers at interest rates of 20 or 25 percent per month brought suit against the pawnbrokers alleging the transactions were illegal and void because they violated Georgia's criminal usury

statute, O.C.G.A. § 7-4-18. The pawnbrokers moved to dismiss the complaints on the ground that the transactions complied with Georgia's pawnbroker statute, O.C.G.A. § 44-12-130 *et seq.,* and such transactions are not controlled by the criminal usury statute.

The district court decided that the two statutes conflict and cannot be harmonized and that the pawnbroker statute governs the subject transactions rather than the criminal usury statute. The Court granted defendants' motions and dismissed the cases.

The cases were consolidated on appeal to this Court. Having substantial doubt about the proper resolution of the state law issue presented by this case, we certified the following questions to the Georgia Supreme Court:

> CAN THE STATUTORY SCHEME REGULATING PAWNBROKERS, § 44-12-130-138 BE READ HARMONIOUSLY WITH THE CRIMINAL USURY STATUTE, O.C.G.A. § 7-14-18, SO THAT BOTH APPLY TO "PAWN TRANSACTIONS" AS DEFINED IN O.C.G.A. § 44-12-130(3), OR ARE SUCH TRANSACTIONS MEANT TO BE GOVERNED EXCLUSIVELY BY O.C.G.A. § 44-12-130-138.
>
> IS THE PERMISSIBLE RATE OF INTEREST AND FEES CHARGED IN "PAWN TRANSACTIONS" AS DEFINED IN O.C.G.A. § 44-12-130(3) GOVERNED SOLELY BY O.C.G.A. § 44-12-131, OR DOES THE CRIMINAL USURY STATUTE, O.C.G.A. § 7-14-18, APPLY TO MODIFY ALLOWABLE CHARGES SO THAT THE INTEREST

CHARGED IN THESE TRANSACTIONS VIOLATES GEORGIA LAW.

*Glinton v. And R Inc.*, 173 F.3d 1352 (11th Cir. 1999).

In a thorough opinion, the Georgia Supreme Court answered the certified questions by concluding that these statutes cannot be reconciled and that the criminal usury statute is inapplicable to pawn transactions. *See Glinton v. And R, Inc.*, 524 S.E.2d 481 (Ga. 1999)(Benham, C.J., dissenting).

In light of that opinion the district court's order dismissing plaintiffs' complaints was correct.

AFFIRMED