Ohunene O. Lawal GLINTON, et
al., Plaintiffs–Appellants,

v.

AND R, INC., a Georgia Corporation,
et al., Defendants–Appellees.

Michael Darby, and those persons similarly situated with Mr. Darby, Plaintiff–Appellant,

v.

Cobb Center Pawn and Jewelry Brokers, Inc., a Georgia corporation, N.Y. Diamond Corporation, etc. et al., Defendants–Appellees.

Susan Walker, and all persons similarly situated with Walker, Plaintiff–Appellant,

v.

Mike Horton; Cash Express, Inc., et al., Defendants–Appellees.

Nos. 98–8405, 98–8406 and 98–8872.

United States Court of Appeals, Eleventh Circuit.

May 2, 2000.

Harlan S. Miller, III, David C. Ates, Parks, Chesin & Miller, P.C., Atlanta, GA, Gerald J. Lupa, Decatur, GA, for Plaintiffs–Appellants.

Fred J. Stokes, Stokes & Associates, Duluth, GA, C. Edward Dobbs, Erika C. Birg, William J. Holley, II, Parker, Hudson, Rainer & Dobbs, LLP, Stephen M. Forte, Thomas M. Barton, Smith, Gambrell & Russell, LLP, H. Lamar Mixson, Jill A. Pryor, Bondurant, Mixson & Elmore, Laurie Webb Daniel, Atlanta, GA, for Defendants–Appellees in 98–8405.

Michael L. Wetzel, Michael L. Wetzel & Associates, P.C., Stone Mountain, GA, for Defendants–Appellees in 98–8406.

Alan William Loeffler, Amy S. Lettes, Troutman Sanders, Robert H. Putam, Jr., Atlanta, GA, for Defendants–Appellees in 98–8872.

Before HULL and MARCUS, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiffs who had borrowed money from Georgia pawnbrokers at interest rates of 20 or 25 percent per month brought suit against the pawnbrokers alleging the transactions were illegal and void because they violated Georgia's criminal usury statute, O.C.G.A. § 7–4–18. The pawnbrokers moved to dismiss the complaints on the ground that the transactions complied with Georgia's pawnbroker statute, O.C.G.A. § 44–12–130 *et seq.*, and such transactions are not controlled by the criminal usury statute.

The district court decided that the two statutes conflict and cannot be harmonized and that the pawnbroker statute governs the subject transactions rather than the criminal usury statute. The Court granted defendants' motions and dismissed the cases.

The cases were consolidated on appeal to this Court. Having substantial doubt about the proper resolution of the state law issue presented by this case, we certified the following questions to the Georgia Supreme Court:

CAN THE STATUTORY SCHEME REGULATING PAWNBROKERS, § 44–12–130–138 BE READ HARMONIOUSLY WITH THE CRIMINAL USURY STATUTE, O.C.G.A. § 7–4–18, SO THAT BOTH APPLY TO "PAWN TRANSACTIONS" AS DEFINED IN O.C.G.A. § 44–12–130(3), OR ARE SUCH TRANSACTIONS MEANT TO BE GOVERNED EXCLUSIVELY BY O.C.G.A. § 44–12–130–138.

IS THE PERMISSIBLE RATE OF INTEREST AND FEES CHARGED IN "PAWN TRANSACTIONS" AS DEFINED IN O.C.G.A. § 44–12–130(3) GOVERNED SOLELY BY O.C.G.A. § 44–12–131, OR DOES THE CRIMINAL USURY STATUTE, O.C.G.A. § 7–4–18, APPLY TO MODIFY AL-

LOWABLE CHARGES SO THAT THE INTEREST CHARGED IN THESE TRANSACTIONS VIOLATES GEORGIA LAW.

*Glinton v. And R Inc.,* 173 F.3d 1352 (11th Cir.1999).

In a thorough opinion, the Georgia Supreme Court answered the certified questions by concluding that these statutes cannot be reconciled and that the criminal usury statute is inapplicable to pawn transactions. *See Glinton v. And R, Inc.,* 271 Ga. 864, 524 S.E.2d 481 (1999).

In light of that opinion the district court's order dismissing plaintiffs' complaints was correct.

AFFIRMED.